UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-00036-AB (MRWx) | Date: | March 30, 2016 |
|---|---|---|---|

| Title: | *Edgar Munoz, et al. v. Allstate Insurance Company* |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR. | |
|---|---|---|
| Carla Badirian | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order DENYING Motion for Remand (Dkt. No. 26)

Before the Court is a Motion for Remand filed by Plaintiffs Edgar Munoz, et al. ("Plaintiffs"). (Dkt. No. 26.) Defendant Allstate Insurance Company ("Allstate") filed an Opposition and Plaintiffs filed a Reply. The Court found the motion appropriate for resolution without oral argument and took the motion under submission. For the following reasons, the Court **DENIES** the motion.

### DISCUSSION

Allstate removed this insurance coverage action from state court based on diversity jurisdiction: Allstate plead that the amount in controversy exceeds $75,000, and that there is complete diversity between itself, a citizen of Illinois, and Plaintiffs, who are all citizens of California. *See* Notice of Removal (Dkt. No. 1). Plaintiffs now move for remand on the ground that the parties are not completely diverse, arguing that Allstate has so many activities in California, that it should be deemed a citizen of California for purposes of

diversity jurisdiction. This would destroy complete diversity and compel remand.

Plaintiffs apply an incorrect legal standard for determining a corporation's principal place of business. In fact, Plaintiffs quite honestly admit that they are challenging the law in this arena. *See* Reply 5:2-5 ("This case challenges the law for the determination of diversity jurisdiction . . .") *and* 8:12-9:2 (". . . historically the Supreme Court has been wrong on many occasions before on many different subjects . . . and is certainly wrong now and woefully behind the times when it comes to modern business practices. . .").

However, this court is not free to entertain Plaintiffs' challenge as the United States Supreme Court – rather recently, in fact – has definitively settled this issue. In *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the Court resolved a circuit split regarding the test for a corporation's principle place of business, establishing the "nerve center" test as the sole test. The Court held that for diversity jurisdiction purposes a corporation's principal place of business "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 80-81. A principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.' " *Id.* at 93. The Court also clearly indicated that there is only one principal place of business. *Id.* ("the [statute's] word 'place' is singular, not plural . . . A corporation's 'nerve center,' usually its main headquarters, is a single place.").

Plaintiffs invite the Court to apply a test akin to a "business activities" test and whereby a corporation's principal place of business could oxymoronically be in several different states at once. Specifically, Plaintiffs analogize contemporary corporate structure to an octopus – a cephalopod that has a brain, but that also has multiple "nerve centers" dispersed throughout its "arms". *See* Reply 7:3-5 ("In today's business environment, the 'nerve center' of a business is everywhere, just as in an octopus. . ."), *and* p. 18, fn. 7 (discussing article about octopus nervous system, and concluding, "In essence, the octopus's 'nerve center' is spread through its entire body and operates separately and independently from the central brain."). Applying this test, Plaintiffs argue, Allstate's business activities in California demonstrate that it has a nerve center here.

But *Hertz* made clear that the nerve center test was the only test, and that corporations have only one nerve center. *Hertz*, 559 U.S. at 95 ("The metaphor of a corporate 'brain,' while not precise, suggests a single location. By contrast, a corporation's general business activities more often lack a single principal place where they take place."). In fact, the Court acknowledged that business often conduct significant activities in different states, yet found the nerve center test preferable to the alternatives because it would be easier to apply than other tests that involve, for example, comparing a corporation's activities in various states. *See id.* at 95-96 (acknowledging that

corporations often have multi-state activities and finding that comparative ease of application favors nerve center test). *Hertz* left no leeway in this regard. This court cannot just adopt Plaintiffs' octopus test, gripping though it is; the court must adhere to *Hertz*.

Finally, the court has reviewed Allstate's evidence demonstrating that its nerve center is in Illinois. *See* Robert Johnson Decl. Plaintiffs' objections to this evidence are overruled because Johnson has established sufficient foundation for his statements. This evidence shows that Allstate's headquarters are in Illinois; that its officers direct, control and coordinate its activities from headquarters; that Allstate's CEO and other officers work in Illinois; that regional offices refer major decisions to headquarters; and that Allstate's department heads are located in Illinois. Plaintiffs have presented no evidence to rebut these claims; they merely argue that Allstate also has significant activities in California. But both claims can be true: Allstate can have its nerve center in Illinois *and* it can have significant business activities in California. In short, under the only valid tests – the nerve center test set forth in *Hertz* – Allstate's principal place of business is in Illinois.

Thus, there is complete diversity between the parties. There is no question that the amount in controversy is satisfied. Therefore, this court has subject matter jurisdiction over the action, and the motion for remand is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Remand is **DENIED**.

**IT IS SO ORDERED.**